**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0054-17T2

VIRGINIA GOERG,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Submitted February 13, 2019 – Decided April 22, 2019

Before Judges Currier and Mayer.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. 2-1202535.

Samuel J. Halpern, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Vania Wang, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Virginia Goerg appeals from respondent's decision denying her accidental disability retirement. Because petitioner's application for retirement was untimely, and she did not demonstrate substantial compliance with the filing requirements, we affirm.

As a para-teaching assistant in a public school, petitioner became a member of the Public Employees' Retirement System (PERS) in 2003. After she was injured at work on September 16, 2005, petitioner collected temporary workers' compensation benefits until June 17, 2011. Petitioner's position was eliminated on June 30, 2011. On May 8, 2013, her PERS account was credited pension contributions accrued during the time she collected workers' compensation benefits.[1]

On June 11, 2013, petitioner contacted the Division of Pensions and Benefits (Division), advising she had unsuccessfully attempted to file an electronic application for accidental disability retirement benefits through the online system. In response, the Division sent petitioner a paper application.

---

[1] N.J.S.A. 43:15A-25.1(a) requires an employer to make pension contributions on behalf of its employee during the period the employee receives workers' compensation benefits.

A-0054-17T2

Pursuant to N.J.S.A. 43:15A-7(e), petitioner's active PERS membership expired on June 30, 2013, two years after the elimination of her job.[2] Petitioner filed the completed paper application nine months later, on April 8, 2014.

Defendant Board of Trustees, PERS (Board) considered and denied petitioner's application in September 2014, stating it was untimely because it was filed almost three years after the termination of her position. The Board determined she was ineligible for any other retirement program because petitioner did not have ten years of service in PERS and was under the retirement age. See N.J.S.A. 43:15A-38; see also N.J.S.A. 43:15A-47.

Following the Board's decision, petitioner appealed and her case was transferred to the Office of Administrative Law. The parties agreed the Administrative Law Judge (ALJ) could decide the issues on the submitted briefs. Petitioner argued that under the substantial compliance doctrine, her application was timely because she attempted to file it electronically, but was unable to complete the process. The Board contended that petitioner's nine-month additional delay, after being provided the paper application, erased any meritorious assertion of substantial compliance.

---

[2] Active PERS membership expires when an individual has "discontinue[d] [her] service for more than two consecutive years." N.J.S.A. 43:15A-7(e).

A-0054-17T2

The ALJ found petitioner had failed to comply with the filing mandates set forth in N.J.S.A. 43:15A-43 and N.J.S.A. 43:15A-7(e). There was no explanation for the nine-month delay between receipt of the paper application and its filing. She concluded that the failure to file the application for nine months was unreasonable, and "[petitioner's] failure to exercise due diligence precludes a finding of substantial compliance" with the statutory requirements.

Before this court, petitioner reiterates her arguments and additionally contends the crediting of her pension contribution associated with her workers' compensation benefits in May 2013 extended her time as a member of PERS. She asserts, therefore, that her time to file the retirement application was extended to May 2015, rendering her filing in April 2014 timely.[3]

The standard of review applicable to an appeal from a state agency decision is well established. "Judicial review of an agency's final decision is generally limited to a determination of whether the decision is arbitrary, capricious, or unreasonable or lacks fair support in the record." Caminiti v. Bd. of Trs., Police & Firemen's Ret. Sys., 431 N.J. Super. 1, 14 (App. Div. 2013) (citing Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223-

---

[3] We address this contention despite petitioner stipulating before the ALJ that her PERS account expired on June 30, 2013.

A-0054-17T2

24 (2009)). In reviewing an administrative decision, we ordinarily recognize the agency's expertise in its particular field. Ibid.

A PERS member may apply for accidental retirement benefits. The application must be filed "within five years of the original traumatic event." N.J.S.A. 43:15A-43. Active PERS membership expires when an individual has discontinued service for more than two consecutive years. N.J.S.A. 43:15A-7(e).

Here, petitioner discontinued service on June 30, 2011, the day her position was eliminated. Therefore, her PERS membership expired on June 30, 2013. The fact that petitioner's pension contribution was credited at a later time does not change the plain language of the statute. The pension contributions did not transform petitioner into an active employee. See James v. Bd. of Trs., Pub. Emps.' Ret. Sys., 164 N.J. 396, 412 (2000) (explaining "a later awarded workers' compensation benefit" does not "reinstate a validly terminated . . . former employee to active employee status").

We also reject petitioner's assertion of substantial compliance. When petitioner advised she was unable to process her electronic application, the Division sent her a paper copy. Had she returned the completed paper application within a reasonable time of its receipt, the filing deadline likely

5

would have tolled. But nine months is not a reasonable time. Without any explanation for the lengthy delay, we cannot find that petitioner substantially complied with the statutory filing requirements. As such, we conclude the Board's decision was not arbitrary, capricious, or unreasonable and was supported by sufficient credible evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6